SARAH SANDERSON, a lunatic, who sues by PETER P. ARTA-
SERSE, her guardian, complainant-respondent,

*v.*

LILLIE F. HOWELL, defendant-appellant.

[Argued May 25th, 1936.   Decided October 2d, 1936.]

*Messrs. Minturn & Weinberger,* for the appellant.

*Mr. Louis Bort,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The bill of complaint set forth that certain moneys
deposited in two bank accounts standing in the names of

Sarah Sanderson and the defendant, Lillie F. Howell, were the property of said Sarah Sanderson and were on March 23d, 1928, unlawfully withdrawn by the defendant and applied by her to her own use.

The bill further alleged that such conversion was without authority of the said Sanderson, who was at the time of such conversion of unsound mind; that the complainant was appointed guardian of her estate on October 13th, 1934, and prayed that the defendant be decreed to return the moneys so abstracted with the interest accumulated thereon.

The answer denies the averments in the bill and asserts that the court below was without jurisdiction to entertain the cause.

The learned vice-chancellor to whom the cause was referred found in favor of the complainant and awarded a decree in accordance with the prayer of the bill.

The defendant's appeal presents a number of grounds of complaint, among them that the defendant was illegally denied the right to testify and pressed the question of jurisdiction.

During the progress of the trial the defendant was called as a witness in her own behalf and after giving preliminary testimony, was asked this question: "Had you personally bought her [meaning Mrs. Sanderson] anything?" This was objected to as prohibited under the fourth section of the Evidence act. In answer to the court's inquiry, counsel for the defendant sought to justify the question on the ground that the door had been opened by testimony already given. At this point attention of the court was called by counsel for complainant to chapter 163, *P. L. 1931 p. 305,* which extended the application of section 4 of the Evidence act (*Comp. Stat. p. 2218*) to guardians of lunatics.

To this defendant's counsel replied: "This was not the clause I have reference to. Where a representative is a party and testifies." The court: "The representative of the ward?" Mr. Weinberger: "Yes." After calling attention to the fact that complainant had not testified to any transaction with or statement by the ward, Mr. Weinberger asked: "May I

formally put the questions?" The court: "I will sustain the objection under that section of the 1931 act."

We are now asked to reverse the case on the ground that chapter 189, *P. L. 1931,* controlled, and that under it evidence of such transactions and statements could be given by the defendant.

The act reads as follows:

"In all civil actions founded upon any allegation of fraud, breach of trust, willful default, or undue influence, the defendant may be sworn and examined as a witness on his own behalf, notwithstanding the opposite party may sue by a guardian or in a representative capacity."

This act received consideration in this court, in the cases of *Neuman* v. *Fantl, 119 N. J. Eq. 351,* and in *Alberts* v. *Alberts, 119 N. J. Eq. 391,* and it may be fair to assume that whenever fraud, breach of trust, willful default or undue influence is made the basis of action in civil causes, the party so charged is made competent as a witness generally in the cause, and such competency is not dependent upon the introduction of testimony by the opposite party. Assuming the enabling character of the statute we nevertheless think the appellant is not now in position to avail herself of its benefits.

Touching the specific question to which objection was sustained, viz., whether the defendant had ever bought anything for Mrs. Sanderson, it was neither relevant nor of consequence, and when counsel later asked if he might formally put the questions and the vice-chancellor said he would sustain the objection under chapter 163, *supra,* there was in strictness no concrete matter before the court. What the questions might be, whether relevant, whether competent, is not revealed.

Passing this purely technical query in a now purely technical claim of error, we think that if counsel were intending to rely on the later statute the situation demanded that he specifically call it to the court's attention. While in legal contemplation the court is presumed, perhaps even required, to know the law, counsel cannot always take advantage of lapse in this regard. Fair dealing between court and counsel

requires frankness and cannot sanction the creation by counsel of a faulty ground on which to predicate testimony when the court asks its basis, and suppression of the real ground held in reserve.

As was said by this court in *Lyon* v. *Fabricant, 113 N. J. Law 62,* "if the court exclude the question counsel propounding it may enter his exception without assigning any reason in support of such question, or other evidence, *unless perhaps the court asks for such reason.* All this is every day practice."

The concluding words of the first sentence are peculiarly applicable here. In answer to the court's query as to the basis of admissibility not only was the act now relied on not cited, but a false trail was provided by the statement that reliance was placed on the contention that the door had been opened by the testimony of the complainant, a contention not founded on fact.

The remaining grounds urged for reversal we think are without merit, and do not require extended discussion. On the merits of the case, we agree with the conclusion in the trial court.

As to jurisdiction, the case was based on fraud in the exercise of a trust. Indeed it is on this basis that the enabling act of 1931 is invoked by the appellant. We think no error was committed in entertaining the bill.

The decree is affirmed.

*For affirmance*—The Chief-Justice, Lloyd, Case, Bodine, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, JJ. 11.

*For reversal*—None.